PERRY PIRONE, Plaintiff, v. ZORA REALTY CO., INC., Defendant.

Supreme Court, Special Term, New York County, April 29, 1948.

*Schneider & Edelstein* for plaintiff.

*Archibald Palmer* for defendant.

MILLER, J. It is unnecessary to determine whether the provisions of subdivision (d) of section 8 of the Business Rent and Commercial Rent Laws (L. 1945, chs. 314, 3, § 8, subd. [d], as amd.) impose an absolute liability upon the landlord, or, on the other hand, only create a presumption of bad faith if the latter fails to occupy the space and actively conduct his business therein within the time specified or if he leases or rents the space *or permits occupancy thereof by a third person* within a period of one year after dispossession of the tenant. (See

*United Dye Works* v. *Scifo*, 190 Misc. 959.) This is so because in the instant case, even if the statute creates only a presumption of bad faith, the facts alleged in the answering affidavit are insufficient to overcome that presumption. Certainly the Legislature did not intend that a mere assertion of good faith should be sufficient to overcome the inference to the contrary arising from the landlord's failure to occupy the vacant space himself or from his renting the same to a third person or permitting a third person to use the space. In the case at bar the landlord admittedly permitted a third person to use the premises from which plaintiff was dispossessed within two months after the dispossession. Although the defendant states that it permitted the third person to occupy only part of the premises, it nowhere states that it itself ever occupied any portion of the premises. Its claim is merely that it intended to occupy part of the premises and started to get them ready for that purpose.

In the case of *United Dye Works* v. *Scifo* (*supra*) it is to be noted, the landlord's defense of good faith was based upon his claim that his wife had become ill and that he was thus prevented from engaging in business, as intended, in the premises vacated by the plaintiff, whereupon he offered the plaintiff the opportunity of reoccupying the premises, which offer plaintiff rejected. No offer by the instant defendant to permit the present plaintiff to reoccupy the premises is claimed to have been made by defendant when it, as alleged, realized that the business which it had contemplated doing in the premises was no longer feasible. If what is alleged in the answering affidavit is sufficient to defeat an action on the statute, the remedy conferred by the statute would be of little or no avail.

As to the claim that a motion for summary judgment will not lie because the present action is one for a penalty, it need only be observed that the statute upon which the action is based makes the landlord liable only for the actual damages sustained and not for punitive or exemplary damages.

The motion for summary judgment is granted. Settle order.