ABRAHAM MENDELSON et al., Individually and as Copartners Doing Business under the Name of PLAZA PAINT SUPPLY COMPANY, Plaintiffs, *v.* ISAAC S. HELLER et al., Defendants.

Supreme Court, Trial Term, New York County, August 9, 1955.

*Max Berkow* for plaintiffs.

*Robert Rosenthal* for defendants.

PARELLA, J. This proceeding was brought by the plaintiffs for damages for wrongful eviction of plaintiffs by the defendants, as landlords of premises 1001 and 1003 Third Avenue, borough of Manhattan, city of New York.

The action is brought pursuant to the provisions of subdivision (c) of section 8 of chapters 3 and 314 of the Laws of 1945, as amended by chapters 430 and 431 of the Laws of 1951. Subdivision (c) reads as follows: " So long as the tenant continues to pay the rent to which the landlord is entitled, * * * no tenant shall be removed * * * unless: (c) The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the building or other

rental area with the intention of constructing a new building, and the plans for such construction have been approved by the proper authorities, if such approval is required by law. If the landlord shall fail to start the demolition of the building or other rental area within ninety days after the removal of the tenant, or if after having commenced the demolition of such building or other rental area shall fail or neglect to prosecute the work with reasonable diligence, he shall, unless for good cause shown, be liable to the tenant for all damage sustained on account of such removal. In addition to any other damage sustained, the cost of removal of plant and property shall be a lawful measure of damage ".

It seems that the defendants had a potential tenant to lease, as a super market for a term of years, a building to be erected upon the land after a demolition of the buildings occupied by the plaintiffs together with other buildings owned by the defendants. Representations as to this situation were made by the defendants to plaintiffs prior to and at the time of the hearing of summary proceedings, to wit: January 4, 1952.

Plaintiffs, relying upon said representations, consented to vacate the premises on or before May 31, 1952. Demolition of the buildings commenced in May, 1952, while and during the time plaintiffs were removing from the premises occupied by them.

In January, 1952, and shortly after plaintiffs consented to vacate the premises, defendants were advised by the potential tenant that he was no longer interested in the property. Defendants thereupon made efforts to obtain another tenant or tenants but were unsuccessful. In the early part of May, 1952, defendants entered into negotiations to lease the premises for a parking lot and a lease for this purpose was entered into with the present tenant on June 4, 1952. The premises are presently being used as a parking lot and a building, in accordance with the plans, has never been erected by the defendants.

The principal question to be determined is whether defendants' neglect or failure to build was for good cause and did the defendants act in good faith in their dealings with plaintiffs?

The burden of proof on this question is upon the defendants (see *United Dye Works* v. *Scifo*, 190 Misc. 959). This burden the defendants have failed to meet since almost immediately after the plaintiffs consented to vacate the premises occupied by them, defendants were advised by the potential tenant of the proposed new building, in very definite language, that he was no longer interested in the property and they knew full well at

that time that the building would not be erected unless a tenant was procured. Under these circumstances, it was defendants' duty to so advise plaintiffs and give them an opportunity to stay on. (See *Pirone* v. *Zora Realty Co.*, 192 Misc. 605, revd. on other grounds 275 App. Div. 651.) This the defendants failed to do. Consequently, plaintiffs did not voluntarily depart from the premises and their removal after the service of the precept and the termination of the summary proceedings constituted an eviction. (See *Sno-Wite* v. *Gerald Operating Corp.*, 271 App. Div. 314, affd. 297 N. Y. 1007.)

Accordingly, judgment is directed for the plaintiffs against the defendants for the sum of $2,124 inclusive of the security of $150 together with the appropriate interest from May 31, 1952. The counterclaims of the defendants are dismissed.

All motions upon which decision was reserved and not otherwise hereby disposed of are denied. Findings of fact and conclusions of law were waived. The court may, therefore, enter judgment accordingly. There will be twenty days' stay of execution of judgment and ninety days to make a case.